Morton J.
delivered the opinion of the Court. The defendant, a collector of taxes in a religious society, justifies under a warrant from the assessors of the society, and the only question for our consideration is, whether this is a valid warrant.
The statute of 1785, c. 50, requires that warrants for the collection of taxes should be in substance, according to the form therein prescribed. This warrant is in the form contained in the statute, except that the words and our seals near the close, ara omitted. We think this is not a substantial variance from the statute form.
A warrant does not, like a deed, ex vi termini import a sealed instrument. Willes, 412. A private deed, without these words, legally executed, would be valid. But if the manner of execution were such as to leave it questionable whether it was sealed or not, these words would be material to show the intention of the parties to make a sealed instrument. 1 Wash. 170 ; 1 Munf. 487 ; 4 Munf. 442.
It is contended that this warrant is not sealed with the seals of the assessors. It appears that when the assessors affixed their names to the warrant they also annexed to it, in the usual place of sealing instruments of this kind, a piece of paper by a wafer. This was the act of all the assessors. They were all present, and if each did not actually put his hand to the seal, which does not appear, yet they all authorized it to be done.
*497 A seal is an impression upon wax or wafer ;or other tenacious substance. Warren v. Lynch, 5 Johns. R. 239. This impression may as well be made by annexing a piece of paper, as by stamping some figure or device upon it.[1] Several may make their seals upon the same wax or wafer. One may seal for several with their consent, and the deed will be as valid as if each one had put to it his separate seal. So it will be sufficient if one acknowledge an impression already made to be his seal; 1 Stark. Ev. 332, [5th Am. ed. 321, 322;] 1 Phil. Ev. 360 ; 4 T. R. 314.
There is a distinction between private deeds and warrants executed by virtue of some special authority. In the latter case the authority must be strictly pursued. This brings us to the inquiry, whether this warrant was sealed in the manner required by the statute. Assessors have no common seal And the form of the warrant given in the statute clearly indicates, that it should be under their several seals as well as signatures. But it contains no indication that their seals shall be on separate pieces of wax or wafer, any more than that they shall be on the same. The initials L. S. used in the form, may at least asj well stand for locus sigillorum as for loci sigillorum. The practice is different in different parts of the commonwealth ; and either mode may safely be followed. Without intending to question the validity of warrants with several seals upon separate pieces of wax or wafer, we are of opinion that warrants signed and sealed in the manner in which this was, are properly executed under the hands and seals of the assessors.[1]
In the case of Mussey v. White et al. 3 Greenl. 290, it appears that a warrant sealed in the same manner as this, was holden to be valid. The statute of Maine is similar to ours. This objection does not appear to have been raised ; but in a case so sharply contested and so elaborately investigated as that seems to have been, it cannot be supposed that this *498 circumstance escaped the vigilance of the counsel or the con sideration of the court.[2]

Judgment for the defendants.

 See the cases on the subject of seals collected in Commonwealth v. Griffith, 2 Pick. (2d ed.) 18, n. 1. As to the necessity of a seal to a justice’s warrant, see 1 Chitty on Crim. Law, (3d Am ed.) 38, 39, and note.

 But see 1 Stark. Ev. (5th Am. ed.) 322.

 A seal is not now required in Massachusetts, to the warrant of assessors. Revised Stat. c. 23, § 38.